UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 23-324(1) (NEB/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS** |
| DONALD DUANE ARMSTRONG, JR., | |
| Defendant. | |

The United States of America submits its omnibus response to Defendant Donald Duane Armstrong, Jr.'s (Armstrong) pretrial motions. ECF Nos. 32-35, 37-39. For the reasons set forth in Armstrong's suppression motion (ECF No. 38), the Government intends to offer the testimony of Special Agent Michael Dieter from the Minnesota Bureau of Criminal Apprehension (BCA) at the January 9, 2024, motions hearing. To the extent Armstrong demands disclosures at particular times or for particular items to which he is not entitled, the Government objects. In accordance with the Local Rules, a notice of intent to call witnesses is filed separately.

1. **Defendant's Motion for Disclosure of 404 Evidence.**
   **[ECF No. 32]**

The Government objects to Armstrong's request for immediate disclosure but has no objection to an order requiring disclosure of Rule 404 evidence 28

days prior to trial. The Government requests that any order be strictly drawn to require no more than what is encompassed by Rule 404. Specifically, Rule 404 does not encompass acts that are "intrinsic" to the charged offense. *See* Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If evidence of Armstrong's conduct is an "intrinsic" part of the charged offense, but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one since Armstrong may claim that the Government must give notice of every "bad act" it intends to introduce, which is not so. *See United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

The Government requests that disclosure deadlines be reciprocal.

## 2. **Defendant's Motion to Compel Disclosure of Evidence Favorable to the Defendant.** [ECF No. 33]

Armstrong moves the Court for an order compelling disclosure of favorable evidence. The Government understands its disclosure obligations and has complied with, and will continue to comply with, those obligations, which have included disclosure of materials on November 14, 2023 and December 21, 2023. The materials disclosed included, but are not limited to, search and seizure warrants (including applications, affidavits, and items

seized), investigative reports, photographs, recorded and/or memorialized interview statements, body-worn camera and squad video footage, and other general investigative materials. The Government and Armstrong's counsel have corresponded regarding outstanding BWC footage, laboratory results, and phone extraction evidence. The BWC footage has been disclosed, the laboratory results are still pending, and the phone extraction evidence is available for review at the U.S. Attorney's Office.

As always, the Government remains amenable to specific inquiries regarding Armstrong's disclosure requests. In response to Armstrong's specific disclosure requests, the Government asserts the following:

1. To the extent such information exists, and upon information and belief, it has been disclosed.

2. The Government is unaware of such information existing in this case. Such information will be immediately disclosed if received.

3. The Government is unaware of such information existing in this case. Such information will be immediately disclosed if received.

4. To the extent such information exists, it has been disclosed.

5. To the extent such information exists, it has been disclosed. Sam, as alleged in the conspiracy, possessed the firearm during its purchase.

6. To the extent such information exists, it has been disclosed. Sam, as alleged in the conspiracy, possessed these firearms during their purchase.

7. All completed laboratory reports have been disclosed. Some laboratory examinations remain pending. The Government will disclose those results once they are received.

8. Given the conspiracy charges in this case, discovery related to Armstrong's co-defendant has been disclosed.

9. To the extent such information exists, the Government will disclose with its *Jencks* disclosure.

10. Regarding individuals whom the Government does not intend to call as witnesses, the Government objects to this overboard request. The Government will provide the defense with the requested information, to the extent it exists, for testifying witnesses, and with its *Jencks* disclosure.

### 3. <u>Defendant's Motion for Discovery</u>.
**[ECF No. 34]**

Armstrong requests that the Government disclose particular items as soon as reasonably possible. In response to Armstrong's specific disclosure requests, the Government asserts the following:

1. The Defendant's statements have been provided.

2. The Government contends that discovery pursuant to Federal Rules of Criminal Procedure 12 and 16 has been provided. The Government understands its obligations, has complied with them, and recognizes the obligations to be ongoing.

3. The Minnesota BCA is currently analyzing the firearms seized in this case. The results of the analysis will be disclosed upon receipt. The Government is unaware of any additional such evidence or information. To the extent such information exists, the Government will provide disclosures according to law and its ongoing disclosure obligations.

4. The Government is amenable to a reciprocal expert disclosure deadline set by the court.

5. A copy of the Defendant's criminal history has been provided.

4

Lastly, the Government acknowledges its continuing duty to disclose, and will, in accordance with the rules, continue to disclose materials to Armstrong of which he is entitled. To the extent Armstrong seeks information and material outside the scope of the Rules, the Government objects.

4. **Defendant's Motion for Early Disclosure of *Jencks* Act Material.**
   **[ECF No. 35]**

The Government has no objection to the voluntary early disclosure of *Jencks* material ten days prior to trial. While the Government has already disclosed some *Jencks* statements, and may choose to continue to disclose *Jencks* materials well in advance of trial, the Government objects to any Court-ordered disclosure of "early" *Jencks* evidence. It has been repeatedly and consistently held in this Circuit and District that the Government may not be required to make pretrial disclosure of *Jencks* material. *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).

5. **Defendant's Motion to Suppress Statements, Admissions, and Answers.**
   **[ECF No. 37]**

On June 14, 2023, Armstrong made two separate statements to law enforcement in connection with this investigation. The first statement

occurred during a traffic stop before the execution of the search warrant obtained for his residence and vehicles. Armstrong was not advised of his rights prior and law enforcement asked him questions which elicited incriminating responses. The Government does not intend to use the statement in its case-in-chief. However, the Government reserves the right to use Armstrong's voluntary statement as impeachment evidence should Armstrong testify in his defense, or otherwise elicit his hearsay statements. Should Armstrong challenge the voluntariness of his statement, the Government is prepared to submit the recording to the Court for its consideration.

Armstrong's second statement occurred after he was transported from the location of the traffic stop and to his residence. Prior to his incriminating statement, Armstrong was advised of his *Miranda* rights. The Government does not intend to call a witness for purposes of establishing that Armstrong's waiver was knowing, voluntary, and intelligent. The statement is recorded in full and will be produced to the Court for its consideration. The Government requests post-hearing briefing on the matter.

**6.     Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure.**
**[ECF No. 38]**

Armstrong's motion challenges the lawfulness of three state search warrants utilized during the investigation to obtain evidence against him.

Armstrong's first challenge is to a June 12, 2023, residential and vehicle search warrant. Armstrong indicates that the warrant was issued with a lack of probable cause, was based on stale information, included information from unreliable confidential informants, and was overly broad. The Government intends to submit the warrant to the Court for a four-corners review.

Armstrong next challenges the sufficiency of a June 22, 2023, search warrant for his Apple iPhone. Armstrong contends that the search morphed into a warrantless search when the affiant searched for conversations outside the authorized date range. After the affiant located conversations outside the authorized date range, he obtained an additional warrant to seize the additional data. The Government contends that the affiant's methods and procedures are Constitutionally firm. As Armstrong has requested an evidentiary hearing, the Government intends to call Minnesota BCA Special Agent Michael Dieter—the affiant—to testify as to the steps he took in seeking and executing the two warrants. The Government requests post-hearing briefing to adequately respond to the challenges.

7. **Defendant's Motion for Government Agents to Retain Rough Notes.**
   **[ECF No. 39]**

Armstrong requests that agents and informants not destroy their rough notes taken and compiled during the investigation. The Government has no objection to Armstrong's request.

However, the Government objects to any order concerning the disclosure of rough notes. Contrary to Armstrong's contention, rough notes are not considered statements within the meaning of the *Jencks* Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover Government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's rough notes of investigation as *Jencks* Act material when merely represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, and summaries

of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

| | |
|---|---|
| Dated: December 29, 2023 | Respectfully Submitted, |
| | ANDREW M. LUGER<br>United States Attorney |
| | *s/* *Evan B. Gilead* |
| | BY: EVAN B. GILEAD<br>Assistant U.S. Attorney<br>Attorney ID No. 1601283 DC |