UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 23-324(2) (NEB/LIB)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

FRANKLIN WARREN SAM, JR.,

        Defendant.

**GOVERNMENT'S OMNIBUS RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS**

The United States of America submits its omnibus response to Defendant Franklin Warren Sam, Jr.'s (Sam) pretrial motions. ECF Nos. 42-49. The Government contends that Sam's motions do not require witness testimony. Accordingly, the Government does not intend to call a witness at the January 9, 2024 motions hearing.

1.    **Defendant's Motion for Disclosure of *Jencks* Act Material. [ECF No. 42]**

The Government has no objection to the voluntary early disclosure of *Jencks* material but requests that disclosure be set no earlier than ten days prior to trial. While the Government has already disclosed some *Jencks* statements, and may choose to continue to disclose *Jencks* materials well in advance of trial, the Government objects to any Court-ordered disclosure of "early" *Jencks* evidence. It has been repeatedly and consistently held in this Circuit and District that the Government may not be required to make pretrial

disclosure of *Jencks* material. *Finn v. United States*, 919 F. Supp. 1305, 1315 (D. Minn. 1995); *see also United States v. Ben M. Hogan Co.*, 769 F.2d 1293, 1300 (8th Cir. 1985); *United States v. White*, 750 F.2d 726 (8th Cir. 1984).

## 2.  <u>Defendant's Motion for Disclosure of Grand Jury Materials</u>. [ECF No. 43]

Sam moves the Court for "testimony and corresponding exhibits presented to the grand jury," stating that they "are necessary for the preparation of the defense[.]" ECF No. 43. The Government objects to disclosure.

"It has long been recognized that 'the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *U.S. v. McDougal*, 559 f.3d 837, 840 (8th Cir. 2009) (citations omitted). Grand jury transcripts are "generally not discoverable on pretrial motion." *United States v. Pelton*, 578 F.2d 701, 709 (8th Cir. 1978). A defendant bears the burden to make a showing of "particularized need" for the transcripts. *United States v. Broyles*, 37 F.3d 1314, 1318 (8th Cir. 1994). Absent such "particularized need," a defendant is not entitled to grand jury transcripts or minutes. *U.S. v. Procter & Gamble*, 356 U.S. 677, 683 (1958); *Broyles*, 37 F.3d at 1318. "'[A] bare allegation that the records [of a grand jury] are necessary to determine if there may be a defect in the grand jury process does not satisfy the 'particularized need' requirement." *Id.* (citing *U.S. v. Warren*, 16 F.3d 247, 253 (8th Cir. 1994).

Sam's purported "particularized need" arises from his want to prepare for a defense, "including to prepare to impeach, refresh the recollection of, and test the credibility of the prosecution's witnesses at trial[.]" ECF No. 43 at 2. Additionally, Sam requests the information "to discover the substance of any oral, unrecorded statements of informants, alleged co-conspirators, and potential witnesses who could testify against [him] at trial." *Id.* In other words, Sam seeks otherwise impermissible *Jencks* Act material—discussed *supra*—through the guise of this motion. The Government has no obligation to provide prior statements of its witnesses until *after* direct examination of a witness at trial. *See e.g., United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial.")); *see also* 18 U.S.C. § 3500(a); Fed R. Crim. P. 26.2.[1] Even the case Sam cites—*United States v. Haire*, 103 F.3d 697 (8th Cir. 1996)—denied the defendant access to grand jury materials similarly sought here. However, consistent with the practice in the United States Attorney's Office—District of Minnesota, the Government will provide Sam with relevant transcripts and other statements of witnesses the Government intends to call during its case-in-chief ten days before trial.

---

[1] The Rule already contemplates disclosure of the witness's grand testimony. Fed. R. Crim. P. 26.2(f)(3).

All told, Sam has failed to satisfy his burden to show a "particularized need" for the grand jury transcripts in this case. The current legal landscape adequately balances the need for defendants, like Sam, to prepare for trial against the need to protect grand jury witnesses and processes from the public. Accordingly, the Government requests this Court deny Sam's request.

3. **Defendant's Motion for Disclosure of the Identity of Informants.**
   **[ECF No. 44]**

Sam moves for the Court for order requiring the Government to disclose the identities of all confidential informants involved in this case. The Government objects to immediate disclosure.

The Government has a general, although not absolute, "privilege to withhold the disclosure of the identity of a confidential informant." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir. 2001) (citing *Roviaro v. United States*, 353 U.S. 53 (1957)). When deciding whether to disclose information about an informant, the court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61. The essential consideration when deciding whether evidence is

4

relevant and helpful to the defense is "whether or not the evidence is material to the accused's defense or a fair determination of the cause." *United States v. Barnes*, 486 F.2d 776, 778 (8th Cir. 1973); *Carpenter*, 257 F.3d at 779 ("[T]he threshold issue is whether the informant is a material witness.") (citation omitted).

"Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53 F.3d 201, 206 (8th Cir. 1995) (citation and footnote omitted); *see also United States v. Foster*, 815 F.2d 1200, 1203 (8th Cir. 1987) (citation omitted) ("The disclosure of an informant who was an active participant in the crime the accused is charged with is generally required."). This contrasts with "cases involving 'tipsters' who merely convey information to the government but neither witness nor participate in the offense, disclosure is generally not material to the outcome of the case and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir. 1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *see also United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is typically not required when the informant merely conveys information to the government but neither witnesses nor participates in the offense.") (quotation marks and citations omitted).

Given that Sam and his co-defendant have been charged with conspiracy to make false statements during the purchase of firearms, the Government contends that informants who witnessed or participated in the offense are material and likely should be disclosed, even in the event the Government does not intend to call them at trial. However, informants simply passing information should not be disclosed.

Should the Court deem disclosure necessary, or the theory of the Government's case change, the Government requests disclosure of any informant's identity or personal identifying information be ordered not less than ten days prior to trial. Ten days is adequate time for Sam to prepare for trial, while also affording these individuals continued anonymity. *See United States v. Cree*, No. 12-cr-26(4) (JRT/JSM), 2012 WL 6194395, at *5 (D. Minn. Dec. 12, 2012) (concluding that seven days' notice "appropriately balance[d] [defendant's] rights with the protection of the confidential informants") (citations omitted).

As for Sam's additional request of "allow[ing] interviews of any such informants"—in the event of ordered disclosure—the Ggovernment's obligation with respect to confidential informants is generally satisfied when it provides a defendant with information pertaining to an informant's identity and location so that the defendant may contact the informant and request an

interview or subpoena his or her testimony at trial. *See United States v. Padilla*, 869 F.2d 372, 376-77 (8th Cir. 1989). An informant always has the right, as all witnesses have, to decline to be interviewed and, to the extent Sam requests such relief, the Government has no obligation to schedule meetings and/or "encourage" any informant to speak to Sam or his counsel. *See United States v. Bittner*, 728 F.2d 1038, 1041-42 (8th Cir. 1984) (finding no impermissible conduct by a government agent when he advised a witness of her right to decline interviews with defendant's attorney).

4. **Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants or Unindicted Co-Conspirators. [ECF No. 45]**

Sam requests this Court order "the Government to give notice and disclosure of intent to use or refer to, and/or introduce into evidence at trial the statements or confessions of any co-defendant or unindicted co-conspirator[.]" Again, Sam seeks to obtain *Jencks* Act material in the guise of another motion. And again, Sam is not entitled to them at this juncture.

As a practical matter, the Government disclosed the defendants' statements. Even if other statements existed, Sam's motion is premature. It is too early to determine the intricacies of a multi-defendant trial, such as whether both defendants will stand trial, and which witnesses the Government will call and/or need in order to prove guilt beyond a reasonable doubt. The

Government will provide Sam—and his co-defendant—with all *Jencks* Act material of its testifying witnesses ten days before trial. Accordingly, the Government requests the Court to deny Sam's motion without prejudice.

5. **Defendant's Motion for Disclosure of 404(b) Evidence**.
   **[ECF No. 46]**

The Government objects to Sam's request for immediate disclosure but has no objection to an order requiring disclosure of Rule 404 evidence 28 days prior to trial. The Government requests that any order be strictly drawn to require no more than what is encompassed by Rule 404. Specifically, Rule 404 does not encompass acts that are "intrinsic" to the charged offense. *See* Fed. R. Evid. 404 advisory committee's notes, 1991 Amendments. If evidence of Sam's conduct is an "intrinsic" part of the charged offense, but could otherwise be considered a "bad act," then Rule 404(b) does not contemplate that notice of such evidence be given. The distinction is an important one since Sam may claim that the Government must give notice of every "bad act" it intends to introduce, which is not so. *See United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) (standards applicable to evidence considered under Rule 404(b) do not apply to such "inextricably intertwined" evidence).

The Government requests that disclosure deadlines be reciprocal.

6. **Defendant's Motion to Sever**.
   **[ECF No. 47]**

Sam is charged in a ten-count indictment with one count of conspiracy to make a false statement during the purchase of firearms, and eight counts of making false statements during the purchase of firearms. Sam's co-defendant (Armstrong) is charged with an additional count of felon in possession of a firearms (Count 10). The indictment alleges that Sam and Armstrong conspired to illegally purchase firearms because Armstrong is a prohibited person and, therefore, needed someone (Sam) to purchase firearms on his behalf. In furtherance of the conspiracy, Sam went to federal firearms dealers and lied on ATF From 4473 when he made multiple firearm purchases. As with any criminal conspiracy, Sam and Armstrong's role differed, their participation varied. Nevertheless, the purpose of the conspiracy was obvious; the illegal purchase of firearms.

The Government expects the witnesses against Sam and Armstrong to greatly overlap at trial. These witnesses would discuss the criminal conspiracy, the evidence against the two, and the procurement of that evidence throughout the investigation. Despite the nature of the charges in the indictment and conspiracy, Sam requests severance based solely on the inclusion of Armstrong's felon in possession charge. Such motion should be denied.

Sam is properly joined with Armstrong in this matter and has not met the high burden required to demonstrate that severance is appropriate. Courts routinely reject arguments of the type Sam has requested, noting that those arguments are insufficient to justify such a "drastic measure[]" as severance. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Further, a severance would not be an effective remedy because proof of the charges against Sam, specifically evidence relating to a conspiracy, necessarily includes evidence of Armstrong's conduct and involvement. Indeed, Sam's motive to lie on the ATF Form stems from his agreement with Armstrong who is a convicted felon and, therefore, prohibited from legally purchasing firearms. A severance therefore would not serve the interests of justice, but only serve to prolong the proceedings and the involvement of witnesses by forcing them to testify at successive trials. The court can instead address any potential risk of prejudice through appropriate limiting instructions.

Rule 8 of the Federal Rules of Criminal Procedure allows for joinder of defendants and counts in criminal cases. As a general proposition, the joinder of defendants in a multi-count indictment is permissible where the charged offenses involve a common activity that embraces all of the charged offenses, even though every defendant has not participated in all of the activities, and has not been charged with every single offense. Fed. R. Crim. P. 8(b)*; see*

*United States v. O'Connell,* 841 F.2d 1408 (8th Cir. 1988), cert. denied, 487 U.S. 1210 (1988); *see also United States v. Gravatt,* 280 F.3d 1189, 1191 (8th Cir. 2002). Rule 8(a) provides for joinder of offenses if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Rule 8(b) provides for joinder of defendants when "they are alleged to have participated in the same act or transaction, or in the same series or acts or transactions . . . . All defendants need not be charged in each count."

When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8. If joinder is proper, the court still has discretion to order a severance under Federal Rule of Criminal Procedure 14. These rules are to be "liberally construed in favor of joinder," *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995) (internal citations omitted) (quoting *United States v. Rimell*, 21 F.3d 281, 288 (8th Cir. 1994)), and "[t]he presumption against severing properly joined cases is strong." *United States v. Cooper*, 412 F.3d 871, 886 (8th Cir. 2005) (citing *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996)). Joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Zafiro*, 506 U.S. at 537. If an indictment charges a conspiracy and alleges the existence of a scheme or links

11

the co-defendants together in a common plan, then joinder is usually appropriate. *See, e.g., United States v. Donnell,* 596 F.3d 913, 923 (8th Cir. 2010) ("[D]efendants, all of whom were alleged to be members of the same overarching conspiracy, were properly joined."); *United States v. Jenkins–Watts,* 574 F.3d 950, 967 (8th Cir. 2009) (joinder of codefendants in a conspiracy proper even though some defendants did not participate in every stage of the conspiracy). This is because "[i]t would impair both the efficiency and fairness of the criminal justice system to require . . . that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying." *Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *United States v. Jones,* 880 F.2d 55, 61 (8th Cir. 1989). There must "be some common activity involving all the defendants which embraces all the charged offenses, but it is not necessary that each defendant have participated in each act or transaction of the series." *United States v. Andrade,* 788 F.2d 521, 529 (8th Cir. 1986) (citing *United States v. Wofford,* 562 F.2d 582, 585 (8th Cir.1977)). "Rarely, if ever, will it be improper for co-conspirators to be tried together." *United States v. Kime,* 99 F.3d 879, 880 (8th Cir. 1996).

The defendant bears the burden to prove prejudice sufficient to justify severance. *Andrade*, 788 F.2d at 530. Sam has provided no proof, let alone

sufficient proof, to justify severance. In his motion, Sam contends severance is required because "the jury will have insurmountable difficulty distinguishing the alleged acts of Sam from those of his co-defendant, and there is a substantial possibility that the jury might use evidence related to Armstrong and—in particular—his felon in possession charge (Count 10) to infer guilt on Sam[.]" ECF No. 47 at 2.

The district court is well-equipped to cure potential risk with "proper instructions and juries are presumed to follow their instructions." *Zafiro,* 506 U.S. at 540. These non-exhaustive remedies could include instructions to the jury that: (1) the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against him; (2) the jury must give separate consideration to each individual defendant and to each separate charge against him; and (3) each defendant is entitled to have his case determined from his own conduct and from the evidence that may be applicable to him. *Id.* at 541; *see also United States v. Moore,* 149 F.3d 773, 778 (8th Cir. 1998) (risk that jurors would not be able to compartmentalize evidence against various defendants was minimized by court's ongoing limiting instructions); *United States v. Flores,* 362 F.3d 1030 (8th Cir. 2004) (district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant).

Second, Sam's argument regarding potential prejudice regarding the attribution of evidence is without merit. The Eighth Circuit held, in *Kime,* 99 F.3d at 880, that severance is not justified merely because of the potential spillover effect from evidence admitted against another's co-defendant:

> "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately ... Mere disparity of evidence against co-defendants or the alleged prejudicial spillover effect of evidence against a co-defendant are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant."

*Id.* at 880.

All told, the plain reading of the indictment reveals a basis for joinder on its face. Here, Sam and Armstrong conspired to illegally purchase firearms for the benefit of the other. Notwithstanding their degrees of overall culpability, both defendants participated in the conspiracy. *See United States v. Houston,* 892 F.2d 696 (8th Cir. 1989) (joinder proper where Indictment charged all of the defendants with participation in a single conspiracy, and charged several of the defendants with various substantive counts arising from the same conspiracy). Sam's request would needlessly task the district court with the potential of multiple trials relating to the same underlying evidence.

14

As no evidence suggests severance is necessary, and Sam has not satisfied his burden, the Government requests the Court deny Sam's motion for severance.

7.  **Defendant's Motion for Discovery and Inspection.**
    **[ECF No. 48]**

Sam requests that the Government disclose and make available for inspection, copying, and photographing, particular items. In response to Sam's specific disclosure requests, the Government asserts the following:

1.  The Defendant's statements have been provided.

2.  To the extent statements other than the Defendant's statements addressed above exists, it has been provided.

3.  To the extent statements other than the Defendant's statements addressed above exists, it has been provided.

4.  A copy of the Defendant's criminal history has been provided.

5.  The Government contends that discovery pursuant to Federal Rules of Criminal Procedure 12 and 16 has been provided. The Government understands its obligations, has complied with them, and recognizes the obligations to be ongoing.

6.  The Minnesota BCA is currently analyzing the firearms seized in this case. The results of the analysis will be disclosed upon receipt. The Government is unaware of any additional such evidence or information. To the extent such information exists, the Government will provide disclosures according to law and its ongoing disclosure obligations.

7.  The Government is amenable to a reciprocal expert disclosure deadline set by the court.

15

Lastly, the Government acknowledges its continuing duty to disclose, and will, in accordance with the rules, continue to disclose materials to Sam of which he is entitled. To the extent Sam seeks information and material outside the scope of the Rules, the Government objects.

8.   **Defendant's Motion for Agents to Retain Rough Notes and Evidence.**
     **[ECF No. 49]**

Sam requests that agents and informants not destroy their rough notes and any seized evidence collected during the investigation. The Government has no objection to Sam's request.

However, the Government objects to any order concerning the disclosure of rough notes. Contrary to Sam's contention, rough notes are not considered statements within the meaning of the *Jencks* Act, 18 U.S.C. § 3500. *United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994) (concluding that rough notes were not a statement of witness as there was no evidence witness signed, adopted or approved of notes); *United States v. Shyres*, 898 F.2d 647, 657 (8th Cir. 1990) (defendant not entitled to discover Government agents' general notes from witness interviews). Nor are agent rough notes generally discoverable as "statements" of the agent. *See United States v. Simtob*, 901 F.2d 799, 808-09 (9th Cir. 1990) (defendant not entitled to discover testifying agent's rough notes of investigation as *Jencks* Act material when merely

16

represented pieces of information put in writing to refresh memory); *United States v. Williams*, 875 F.2d 846, 853 (11th Cir. 1989) (defendant not entitled to discover agents' personal notes, contact sheets, witness lists, and summaries of non-testifying witnesses' statements when bulk of material not relevant to subject matter of agents' testimony).

Dated: December 29, 2023                    Respectfully Submitted,

                                            ANDREW M. LUGER
                                            United States Attorney

                                            s/ *Evan B. Gilead*

                                            BY: EVAN B. GILEAD
                                            Assistant U.S. Attorney
                                            Attorney ID No. 1601283 DC