UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 23-324(2) (NEB/LIB)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FRANKLIN WARREN SAM, JR.,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The United States of America responds to Defendant Franklin Warren Sam, Jr.'s (Sam) objections (ECF No. 82) to Magistrate Judge Leo I. Brisbois's Report and Recommendation (ECF No. 76—R&R), which denied his Motion to Dismiss the Indictment (ECF No. 41). The R&R was well-reasoned and the Government requests this Court overrule Sam's objections and adopt the R&R.

Traditionally, objections to an R&R are reviewed de novo. Fed. R. Crim. P. 59(b)(1), (3); *see also* 28 U.S.C. § 636(b)(1). "The objections should specify the portions of the magistrate judge's R&R to which objections are made and provide a basis for those objections." *United States v. Peterson*, No. 15-cr-165(35), 2016 WL 1626848, at *2 (D. Minn. Apr. 25, 2016). By contrast, objections that merely restate arguments presented to and considered by a magistrate judge are subject to review only for clear error. *Id.*; *see also Fields v. Henry*, No. 17-cv-2662, 2019 WL 6037425, at *1 (D. Minn. Nov. 14, 2019)

("Without more, merely restating arguments and facts that have been presented to the magistrate judge does not constitute a viable objection to an R&R") (citing *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996)).

Here, Sam merely restates arguments made to Magistrate Judge Brisbois and asks this Court to consider anew arguments that the R&R rejected. Thus, Sam's objections should only be reviewed for clear error.

In addition, the Government responds briefly to two points made in Sam's objections. First, Sam argues that "Magistrate Brisbois did not analyze whether the government met its burden on the second prong." ECF No. 82 at 3. That is true. However, it is not a reason to sustain Sam's objection.

In *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022), the Supreme Court laid out the analytical framework for determining whether a firearm regulation is constitutional under the Second Amendment. Courts "assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding." *Id.* at 2131. To make this assessment, a court must engage in a two-prong analysis. First, the court must determine whether "the Second Amendment's plain text covers an individual's conduct." *Id.* at 2126. If it does not, the analysis ends, and the Government's regulation is valid. Magistrate Judge Brisbois correctly analyzed the first

prong and determined found that "the conduct at issue is not acquiring a firearm, it is making a false statement on the ATF From." R&R at 26 (internal quotations omitted). The R&R thus concluded that the Second Amendment was not offended nor abridged, therefore ending the inquiry. Accordingly, Judge Brisbois's correctly decided to not analyze the second prong because it is, by law, unnecessary.

Secondly, the Court should overrule Sam's argument regarding the materiality of the sale's lawfulness. ECF No. 82 at 4-5. Sam conflates and misconstrues the statute by arguing that the limitation espoused in § 922(a)(6) is one that prohibits an individual like Sam from purchasing firearms for individuals who have been convicted of a felony. Sam's argument bootstraps the oft-argued, but now decided, premise that § 922(g) is unconstitutional. *See United States v. Jackson*, 69 F.4th 495, 502 (8th Cir. 2023) (holding that 18 U.S.C. § 922(g)(1) is entirely constitutional, without need for resort to any "felony-by-felony litigation."). Sam's foundational argument, however, is flawed. The materiality lies not in the intended recipient's prohibition, but in the lie on the 4473 Form and nothing more. *See Abramski v. United States*, 573 U.S. 169, 178-88 (2014) (holding that straw purchasers can be prosecuted for the misrepresentation under § 922(a)(6) "whether or not the true buyer could

have purchased the firearm without the straw" and that lying on the ATF 4473 is a misrepresentation the Court "can hardly think of [as] any more material to a sale's legality.").

All told, the R&R's analysis was sound. Accordingly, the Government requests this Court overrule Sam's objections, find no clear error, and fully adopt Magistrate Judge Brisbois's R&R.[1]

Dated: April 25, 2024                         Respectfully Submitted,

                                              ANDREW M. LUGER
                                              United States Attorney

                                              /s/ *Evan B. Gilead*
                                              BY: EVAN B. GILEAD
                                              Assistant U.S. Attorney
                                              Attorney ID No. 1601283 DC

---

[1] To the extent necessary, the Government reincorporates its arguments and analysis espoused in its response to Sam's motion to dismiss the indictment. *See* ECF No. 58.