UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-324(1) (NEB/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | **GOVERNMENT'S MOTION FOR EVIDENTIARY HEARING AND CONTINUANCE OF SENTENCING HEARING DATE** |
| DONALD DUANE ARMSTRONG, JR., | |
| Defendant. | |

The United States of America moves the Court, pursuant to Local Rule 83.10, for an evidentiary hearing at the time of sentencing. The Government also requests a continuance of the August 28, 2024 sentencing hearing date to accommodate such a hearing.

The parties disagree on factual issues and the application of two Guidelines enhancements which will likely impact the Court's analysis of the 3553(a) factors necessary to appropriately sentence Armstrong. With regard to the parties' factual disputes, Armstrong alleges that there is no evidence that Armstrong possessed a large capacity magazine in close proximity to the firearm in Count 1—the count of conviction. The Government disagrees. Further, Armstrong contends that there is no evidence that the nine other firearms seized in his residence (that were purchased by his co-defendant) were part of the conspiracy to provide false information to firearms dealers.

Armstrong argues that the evidence in front of the Court does not suggest that, at the time of purchase, his co-defendant bought the firearms for Armstrong, but rather gave or sold them to him afterwards. Accordingly, Armstrong suggests, they should not be counted as relevant conduct.

With regard to the parties' Guidelines range dispute, the Government believes that the base offense level for Armstrong's crime is 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(B). Additionally, the Government believes that a four-level enhancement, for number of firearms, applies pursuant to U.S.S.G. § 2K2.1(b)(1). The defendant disagrees with both and believes that the base offense level is 14 with no additional enhancements.

The parties' legal arguments surrounding the appropriate Guidelines range, and a proper 3553(a) analysis, depend on the resolution of our factual disputes. To establish the evidence necessary for the Court's consideration, the Government intends to call BCA Special Agent Michael Dieter to testify. The Government anticipations the direct examination will last no longer than 45 minutes. However, given the large number of firearms and ammunition seized in this case, the location of the evidence, and the agent's schedule between now and the presently set sentencing hearing, the agent will be unable to complete the necessary steps to testify in time for the hearing. Given this, the Government not only requests an evidentiary hearing, but a continuance of the

sentencing hearing to adequately prepare a presentation for the Court and counsel's benefit.

The Government and Armstrong's counsel have conferred, and there is no objection to either request. All told, the Government respectfully moves the Court to continue the sentencing hearing to a future date, as well as set this matter for an evidentiary hearing.

Dated: August 21, 2024    Respectfully Submitted,

ANDREW M. LUGER
United States Attorney

*s/ Evan B. Gilead*

BY: EVAN B. GILEAD
Assistant U.S. Attorney
Attorney ID No. 1601283 DC